**FILED**
10:58 am Jul 09 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DIONTE GRAVES,** | ) | **CASE NO. 1:25 CV 749** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **CUYAHOGA COUNTY** | ) | |
| **CHILD SUPPORT ENFORCEMENT** | ) | |
| **AGENCY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Pro se* plaintiff Dionte Graves filed this civil rights complaint under 42 U.S.C. § 1983 against the Cuyahoga County Child Support Enforcement Agency ("CSEA"), the Cuyahoga County Domestic Relations Court, and Plaintiff's former spouse, Ashley Graves (Doc. No. 1). Plaintiff's complaint concerns a child support order and the consequences he has experienced from the non-payment of support.

For the following reasons, the Court dismisses this action.

## I. Background

Plaintiff's complaint contains very few facts. Plaintiff claims that he was forced to sign a child support agreement, the CSEA imposed an unlawful child support order without proper due

process, he was denied a jury trial, the CSEA "unlawfully obtained Plaintiff's Social Security number and used it for unauthorized financial seizures," and the CSEA suspended his passport. (Doc. No. 1 at 2-3). He alleges that the defendants' actions violated his constitutional rights. He also alleges that "Defendants unlawfully reported child support obligations" to the credit reporting agencies without his consent in violation of the Fair Credit Reporting Act ("FCRA"). Finally, Plaintiff alleges that "Defendants" engaged in "unlawful collection practices" in violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 3).

Plaintiff asks the Court to declare the child support order void. Additionally, he asks the Court to order the defendants to remove his child support obligation from the credit reporting agencies, to cease all collection actions and license suspensions, and to restore his passport. Finally, Plaintiff seeks compensatory relief.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not obligated to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that requiring courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

Furthermore, it is well-established that the federal courts "are under an independent obligation to examine their own jurisdiction" in cases before them. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). A district court may *sua sponte* dismiss a fee-paid complaint under Federal Rule of Civil Procedure 12(b)(1) "for lack of subject matter jurisdiction" when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A district court may therefore *sua sponte* dismiss a claim under Rule 12(b)(1) where the claim lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. Under these circumstances, a district court need not provide the plaintiff the opportunity to amend his or her complaint. *Id.* at 479.

Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

### III. Discussion

To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,48,108 S. Ct. 2250,101 L. Ed. 2d 40 (1988). To be considered to have acted "under color of

-3-

state law" for purposes of Section 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937,102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,352, 95 S. Ct. 449,42 L. Ed. 2d 477 (1974). Here, Ms. Graves is a private actor. Nothing in the complaint suggests this defendant acted with significant aid from state officials to such a degree that her actions can be characterized as state action. Nor does the complaint plausibly suggest Plaintiff's former spouse exercised powers traditionally reserved to a state.

Additionally, to the extent Plaintiff alleges claims against the Cuyahoga County Domestic Relations Court, Plaintiff's claim fails as a matter of law. Absent express statutory authority, courts are not *sui juris*, meaning they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 U.S. Dist. LEXIS 93697, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*).

To the extent Plaintiff is challenging the state court order to pay child support and asking this Court to vacate the state court judgment against him and enter judgment in his favor, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred

from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears, in part, to be the state court child support judgment. The other source of his alleged injury is the consequences that were imposed on him for violating the child support order, including the reporting of the child support obligation to credit reporting agencies, any resulting financial "levies" or garnishments, and the

alleged suspension of Plaintiff's passport. Plaintiff is asking this Court to declare that the state court judges were wrong, and he asks that the judgment be rendered void. Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to vacate the judgment of the state courts.

To the extent Plaintiff seeks to relitigate the issues already decided in the child support proceedings, his claims are barred by *res judicata*.

The term "res judicata" literally means "a matter [already] judged." *Res Judicata*, BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

Here, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Such claims and issues include whether Plaintiff owes child support, whether the individuals or entities involved in the child support proceedings violated his constitutional rights in carrying out the state court's child support order, whether Plaintiff's accounts could be seized to pay his outstanding child support obligations, and whether Plaintiff's passport could be suspended because of his outstanding child support obligations. These issues necessarily were

decided in the state court proceedings. Moreover, Plaintiff raised, or had the opportunity to raise, his federal claims in the state court proceedings. And although Plaintiff states that Defendants "unlawfully reported" his child support obligation to the credit reporting agencies (in violation of the FCRA), Plaintiff is not challenging the CSEA's ability to report his obligation; rather, he is challenging the actual child support obligation that was reported. This Court must give full faith and credit to the state court judgment. Plaintiff cannot relitigate those issues for a second time in federal court in the hope of obtaining a different result.

Finally, to the extent Plaintiff alleges the defendants engaged in unlawful debt collection practices in violation of the FDCPA, this claim must be dismissed. Child support obligations do not constitute "debt" under the FDCPA. *See Folmar v. Ohio Hum. Res. Dep't*, No. 4:21-CV-2233, 2022 WL 657455, 2022 U.S. Dist. LEXIS 39108, *5 (N.D. Ohio Mar. 4, 2022) (citing 15 U.S.C. § 1692a(5)); *see also Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87-88 (4th Cir. 1994) ("child support obligations ... do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services"); *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (citing *Mabe* with approval). Moreover, the FDCPA excludes from the definition of "debt collector" officers or employees of any State or municipality. *See* 15 U.S.C. § 1692a(6)(C) (The term "debt collector" does not include "any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."); 15 U.S.C. § 1692a(8) ("The term 'State' means any State . . . or any political subdivision [thereof]"). And there are no facts in the complaint suggesting Ms. Graves is a debt collector.

Plaintiff's claims are so implausible and devoid of merit that the Court is deprived of

-7-

jurisdiction over this action. *Apple*, 183 F.3d at 479.

### IV. Conclusion

Accordingly, the Court dismisses this action pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　 /s/ *Dan Aaron Polster*
　　　　　　　　　　　　　　　　　　**DAN AARON POLSTER**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**